Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT E. HART,<br><br>　　　　　　Defendant. | Case No. 3:97-cr-0020-JKS<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss. |

　　　　Kevin McCoy, being first duly sworn upon oath, deposes and says as follows:

　　　　1.　　I am the attorney for Robert E. Hart.  This affidavit is based on my personal knowledge, and on information gathered by Ben Jaffa, a second-year law student intern employed for the summer by the Federal Defender's Office.

　　　　2.　　On September 16, 1997, this court filed its amended judgment in this matter. The judgment sentenced Mr. Hart to a term of 120 months, followed by a three-year term of supervised release.  *See* Docket No. 73.

3.  Title 18 U.S.C. § 3583(e)(1) authorizes the court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervised release.

4.  Mr. Hart reports that he has completed over a year and a half of his term of supervised release without major incident. While he acknowledges a minor traffic citation, and testing positive for marijuana on one occasion in August 2006, he believes that he has in all other respects fully met the terms of his supervised release.

5.  Since his release, Mr. Hart has taken steps toward rehabilitation. He sought out and obtained work shortly after his release. Mr. Hart indicates that he presently works as a delivery driver for Coffee Plus.

6.  Mr. Hart wants to move on with his life. He wants to spend time with his family members residing in Florida. Mr. Hart requested, and the court in its amended judgment recommended, that he spend his term of incarceration in Florida so he could be closer to his family. Now, the terms of his supervised release make visiting relatives in Florida impracticable. Visiting his family is the kind of rehabilitation that would greatly benefit Mr. Hart at this juncture in his life.

7.  Probation Officer Eric Odegard indicates that probation will oppose early termination of supervision because of prior sex offenses that are 19 and 26 years old, respectively. Mr. Hart respectfully submits that the existence of stale, unrelated offenses should not be a factor in determining whether supervised release should be terminated in the present case. Mr. Hart was convicted of controlled substance offenses, not sex offenses, and the sentence in this case was narrowly tailored to address the concerns raised by the controlled substance conviction. The court noted this when it struck sex offender assessment and treatment requirements from the terms of Mr. Hart's supervised release. *See* Docket No. 72.

8. Because Mr. Hart has exhausted all the rehabilitative opportunities that can be provided by the U.S. Probation Service, he asks for an order terminating further supervision in this case.

FURTHER YOUR AFFIANT SAYETH NAUGHT

/s/ KEVIN F. McCOY

SUBSCRIBED AND SWORN to before me this 14th day of June 2007.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on June 14, 2007,
a copy of the *Affidavit of Counsel*
was served electronically on:

Stephan Collins, Esq.
United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

And a copy was delivered to:

Eric Odegard
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

/s/Kevin F. McCoy